IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE R. DIAZ-RIVERA, AIXA OLIVIERI-SANCHEZ AND THE CONJUGAL PARTNERSHIP COMPRISED BY THEM<br><br>Plaintiffs<br><br>vs<br><br>EL DIA, INC.<br>JAIME SEGURA-CONTRERAS<br>MRS. JANE DOE OF SEGURA-CONTRERAS and the conjugal partnership comprised by them,<br>ANTONIO HIDALGO, MRS. JANE DOE OF HIDALGO and the conjugal partnership comprised by them,<br>JORGE MERCADO, MRS. JANE DOE OF MERCADO and the conjugal partnership comprised by them,<br>A, B, C CORPORATIONS X, Y, Z INSURERS, JOHN DOE AND MARY ROE<br><br>Defendants | CIVIL 04-2005CCC |

**O R D E R**

The action before us is one for age discrimination in employment and retaliation brought pursuant to the federal Age Discrimination in Employment Act, (ADEA) , 29 U.S.C. §§621 et.esq.; Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. §5141-5142; Puerto Rico's anti-discrimination law--Law 100, 29 L.P.R.A. §146 and anti-retaliation law--Law 115, 29 L.P.R.A. §194. The individual defendants, Jaime Segura-Contreras, Antonio Hidalgo, Jorge Mercado and their respective spouses and conjugal partnerships, filed a Motion to Dismiss on December 29, 2004 **(docket entry 14).** Plaintiffs opposed the motion **(docket entry 16),** and defendants replied **(docket entry 19).** Plaintiffs' Surreply followed **(docket entry 22).**

Plaintiff José R. Díaz, alleges that he was the victim of retaliation by Segura, Mercado, and Hidalgo, officials and/or managerial staff of his employer, El Día, Inc., for 1) failing to assist them in an alleged plan to discharge or force into retirement an older employee working under Díaz' direct supervision, and 2) for testifying in favor of the employee in an EEOC hearing.

CIVIL 04-2005CCC                              2

He also alleges that he was demoted and deprived of the fringe benefit of a car allowance as part of the retaliation and also because of his age.

Movants raise the following issues in their motion: (1) that they are not liable under the ADEA, Law 100 and Law 115 because they are not employers within the meaning of those laws, and (2) that Articles 1802 and Articles 1803 are general statutes and therefore do not apply in this case due to the special labor laws invoked.

Plaintiffs opposed these contentions arguing: 1) that Segura, Mercado, and Hidalgo are liable under ADEA pursuant to the *alter ego* doctrine; 2) that both the statute and case law interpreting Law 100 support his cause of action against them; 3) that although there is no case law interpreting the breath of the definition of "employer" in Law 115, it includes the phrase "or its agents," and should be interpreted liberally in favor of the employee so that its social and reparative purpose may be attained; and 4) that Díaz can bring a tort claim for actions independent of the violation of the labor statutes.

The ADEA defines the term employer as a "person engaged in an industry affecting commerce who has twenty or more employees . . . [or] any agent of that person...." 29 U.S.C. §630(b). In Rodríguez v. Puerto Rico Marine Management, Inc., 975 F. Supp. 115 (D. Puerto Rico 1997), this Court stated, at page119-120, that

> [a]lthough the term "agent" is not defined anywhere in the law, the weight of authority suggests that the textual inclusion of the phrase "agent of such a person," was merely intended to create respondent superior liability against employers for the acts of their agents.

See, also, Acevedo Martínez v. Coatings Inc. and Co., 251 F. Supp. 2d 1058, 1065 (D. Puerto Rico 2003) citing Orell v. U Mass Memorial Medical Center, Inc., 203 F. Supp. 2d 356, 64 (D.Mass. 2002) and Flamande v. American International Group, Inc., 876 F. Supp. 356, 363 (D. Puerto Rico 1994).

None of the cases cited by plaintiffs in support of their *alter ego* theory of the individual defendants' liability under the ADEA discuss claims made under that particular law. They arise primarily under Title VII. This Court has followed the majority of other federal

CIVIL 04-2005CCC                                          3

courts by interpreting that statute against the imposition of individual liability, <u>Pacheco-Bonilla v. Tooling and Stamping, Inc.</u>, 281 F. Supp. 2d 336, 337 (D. Puerto Rico 2003), with only one notable exception:

> In the cases where the [alter ego] doctrine is applied, the courts have found that the supervisor is effectively the corporation for all purposes of control over the decision-making processes that lead to plaintiff's injuries. Such is the case of the closely held corporations where the present and majority owner of the corporation is also the person of the day to day operations and the supervisor of the plaintiff.

<u>Id.</u> <u>See</u>, e.g. <u>Santiago v. Lloyd</u>, 33 F. Supp. 2d 99 (D. Puerto Rico, 1998) (liability of supervisor in his individual capacity was found where the supervisor was president and 50% shareholder in corporate employer, controlled internal operations, and was the main decision maker of office.)  At paragraph 4 of the complaint, plaintiffs state that the movants "are all officials and/or managerial staff of co-defendant El Día, Inc.," and at paragraph 8, that Segura Contreras was Vice President of Circulation.  Plaintiffs contend, for example, that movants were "high ranking officers;" that they "supervised the personnel and were present at the operations on a daily basis" and that they were "omnipotent representatives of the corporation related the management of the employees under their command and expressed such freedom to rule them with "free hand' (sic) to the employees working under such command."[1]  The complaint, however, fails to state substantive facts which demonstrate a merger of the roles of employer and supervisor.  In fact, plaintiffs allegations of the movants' roles describe the ordinary employment pyramid which would be found in the juridical figure of the "corporation" which, in the final analysis, is directed by executives and officers, the employees who exercise the day

---

[1] Plaintiffs, in their opposition to the dismissal motion at pages 4-5, claim that these statements are found in paragraphs 4, 8-10, 11 of the complaint.  We note that they are not included in those paragraphs nor are the necessary conclusions to be drawn from what was alleged therein.

CIVIL 04-2005CCC                            4

to day powers of management and who do not necessarily have an ownership interest. Therefore, we decline to analogously apply what is a rare exception under Title VII to the ADEA claim made against the movants.

We turn to Segura, Mercado, and Hidalgo's challenge to the claim against them under Puerto Rico Law 100. The cases that they cite in support of dismissal were all decided before the Supreme Court of Puerto Rico made its definitive ruling on the issue of personal liability in Rosario v. Distribuidora Kikuet, Inc., 151 D.P.R. 634(2000), in which the Court stated that

> An agent, official, administrator or supervisor of a company is civilly liable in his personal capacity , for the purposes of Laws 17, 69 and 100 [ ], in addition to the real employer, for the acts of sexual harassment against the worker or employee of the employer.

Id. at 647 (our translation).

At page 11 of their reply to the opposition, movants cite the first paragraph of Kikuet wherein the Court sets forth the issue of whether "the definition of "employer" in the laws that prohibit employment discrimination, sexual harassment, extended to the . . . alleged victim's supervisor, when he is the direct author of the conduct in question." (Our emphasis, defendants' emphasis omitted.) Based on these statements, the defendants would have us interpret this decision narrowly; that is, we should apply it only to cases of sexual harassment.[2] We decline to do so. As stated by the Supreme Court in the same decision:

> Labor laws are or a remedial character, with an eminently social and curative purpose. They are instruments for protecting the working class for sexual

---

[2]Movants also cite, out of context, a portion of the Supreme Court's resolution denying reconsideration of Kikuet. See, Rosario-Toledo v. Distribuidora Kikuet, Inc., 2001JTS 2 at p.2, to support their position. The paragraph quoted, which states that our Court has not found individual defendants liable under Law 100, is supported by two cases decided prior to the Kikuet opinion. This Court, however, in a case decided after the Kikuet resolution, determined that individual defendants who are supervisors and whose own actions violate a plaintiff's rights are indeed liable under Law 100, as well as Laws 69 and 17. See Vargas v. Fuller Brush Co. of Puerto Rico, 336 F. Supp. 2d 134 (D. Puerto Rico 2004).

CIVIL 04-2005CCC                                  5

>    harassment and <u>discriminatory acts</u> of the employer in the workplace. Their liberal interpretation, in favor of those whom they intend to protect, is imperative.

<u>Id.</u> at 641 (citations omitted)(our emphasis).

That the Court referred specifically to sexual harassment is understandable; that was the subject of the suit and two of the applicable laws invoked, Law 69 and Law 17, address gender issues. The statements in the opinion, however, include "discriminatory acts" and "employment discrimination," as emphasized in the quotes above. To follow movants' narrow interpretation would relegate these phrases to surplusage. We also note that this court has interpreted Kikuet to include supervisory liability under Law 100 in the broader sense. See <u>Acevedo Martínez v. Coatings, Inc. and Co.</u>, 251 F. Supp. 2d 1058 (D. Puerto Rico 2003); <u>Arroyo-Rodríguez v. Econo Supermarkets</u>, 204 F. Supp. 2d 289 (D. Puerto Rico 2002).

Both parties agree that the Supreme of Puerto Rico has not interpreted the definition of "employer" contained in Law 115, Puerto Rico's anti-retaliation law.[3] In their dismissal motion, at page 11, movants once again argue in favor of the narrow interpretation, noting that the definition is not as broad as that in Law 100. They noted that "this Court is not compelled to ascribe [to] Law 115's definition of employer, a broader interpretation." Given the Supreme Court's expressions in <u>Kikuet</u> and earlier cases, see, e.g. <u>Irizarry v. Johnson & Johnson</u>, 150 D.P.R. 155, 165 (2000); <u>Ramírez de Ferrer v. Mari Bras</u>, 142 D.P.R. 941 (1997) and <u>Santiago v. Kodak</u>, 129 763 (1992), interpreting the protective labor laws liberally in favor of the employee, we decline to narrow the term "agent" in this law that also protects employees.

---

[3]In <u>Arocho v. Dept. of Human Resources of P.R.</u>, 218 F. Supp 2nd 145 (D.P.R. 2002) this Court, without any discussion, did allow a Law 115 against the Secretary of Labor.

CIVIL 04-2005CCC 6

In addressing the movants' motion for dismissal of the tort claims against them, we initially note that the complaint identifies only Díaz' spouse as claiming damages pursuant to Articles 1802 and 1803:

> 28. As plaintiff Díaz has been the subject of discrimination due to his age on the part of co-defendants which is actionable under Law 100, ante [sic] Aixa Olivieri-Sánchez has an independent cause of action under . . . Articles 1802 and 1803 . . . due to all the physical, emotional and mental torts for [sic] suffered by her as a consequence of the discrimination put upon her husband.
>
> Due to [the] afore stated torts suffered by plaintiff Olivieri she prays that this Honorable Court impose upon co-defendants an award of damages toward her....

Therefore, the Motion to Dismiss Díaz' claim under Articles 1802 and 1803 on the theory that it is preempted by the labor laws is academic. Aixa Olivieri-Sánchez' tort claim is derived from the allegations of her own damages resulting from the alleged acts by movants against her husband. See, e.g. Rivera Rodríguez v. Sears Roebuck de Puerto Rico, Inc., 367 F. Supp. 2d 216 (D. Puerto Rico 2005); Landau Romero v. Caribbean Restaurants, Inc., 14 F. Supp. 2d 185 (D. Puerto Rico 1998).

For the above stated reasons, the Motion to Dismissed **(docket entry 14)** is GRANTED as to the ADEA claim against Jaime Segura-Contreras, Antonio Hidalgo, Jorge Mercado and their respective spouses and conjugal partnerships. The Motion is DENIED as to the remaining claims against them.

SO ORDERED.

At San Juan, Puerto Rico, on September 22, 2005.

S/CARMEN CONSUELO CEREZO
United States District Judge